# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| THOMAS D. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-CV-18 ACL |
| | ) |
| JOHN PFAFF, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983 and RICO , 18 U.S.C. §§ 1961-68. The motion is granted. Additionally, this action is dismissed under 28 U.S.C. § 1915(e).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action against several private actors and state officials. He alleges that the defendants who ran the Ste. Genevieve Lot Owners Association mishandled its funds, illegally changed deeds of covenants, harassed property owners, allowed tax officials to assess his property, did not allow him to serve on the board, and drove by his house repeatedly. He also claims they conspired with the defendant state officials to entrap him and set up a "kangaroo court" against him.

Plaintiff says the defendant state officials arrested him without cause, altered court records regarding his DWI convictions, withheld medications from prisoners, sold his property at a tax auction, and harassed property owners.

## Discussion

Almost all of plaintiff's allegations are legally frivolous because they are conclusory and fail to allege facts, which if proved, would entitle him to relief.

"Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). The facts alleged with respect to a conspiracy must be specific and may not be merely conclusory. *See White v. Walsh*, 649 F.2d 560, 561 (8th Cir. 1981). Here, plaintiff fails to allege facts sufficient to give rise to the inference that any private party defendants came to a mutual understanding with any state actors to violate his constitutional rights. Therefore, his § 1983 claims against the private actors do not rise to the level of plausibility required by *Iqbal*.

Plaintiff did not specify whether he is suing defendants in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a municipal official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. So, his claims against the city and county employees are frivolous. Moreover, his official-capacity claims against the state officials are barred by sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). As a result, the complaint fails to state a claim under § 1983.

RICO "makes it 'unlawful for any person employed by or associated with any enterprise . . . to conduct or participate . . . in the conduct of such enterprise's affairs' through the commission of two or more statutorily defined crimes-which RICO calls 'a pattern of racketeering activity.'" *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 160 (2001) (citing 18 U.S.C. § 1962(c)). "Racketeering activity" is a violation of any of the enumerated federal offenses listed in 18 U.S.C. § 1961(1). Plaintiff has not alleged facts showing that

3

defendants violated any of the provisions listed in § 1961(1). Consequently, his claims under RICO are legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 6th day of February, 2017.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE